KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Dean Sheets, | No. CV 1-08-1056-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| C. A. Terhune, et al., | |
| Defendants. | |

Plaintiff Daniel Dean Sheets, who is confined in the United States Penitentiary-Marion, in Marion, Illinois, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.    Complaint**

Plaintiff sues: former California Governor Pete Wilson; former Attorney General

1 Daniel Lungren; Director of the California Department of Corrections C.A. Terhune; Chief
2 Deputy Director of the Department of Corrections Steven J. Cambra; Correctional Officer
3 Jose Ramon Garcia; Correctional Sergeant Edward M. Powers; Senior Medical Technician
4 Susan Steinberg; Dr. Raj Sethi; Dr. Robert Liebman; former Director of the California
5 Department of Corrections James Gomez; John/Jane Doe 1; Corcoran Medical and Dental
6 Department; John Does 1-3; Corcoran Sergeant John Doe; Correctional Counselor II R.
7 Lopez; and Jane/John Does 17-20.

8 Plaintiff claims that on October 7, 1997, he was severely beaten by three of the John
9 Doe Defendants while the John Doe Sergeant watched and failed to intervene.  Plaintiff
10 further claims that he was denied medical care for his injuries.  Plaintiff seeks money
11 damages.

12 **III.    Failure to State a Claim**

13 In the absence of waiver, the Court may raise the defense of statute of limitations *sua*
14 *sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  See
15 also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal
16 under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

17 In a § 1983 action, the applicable statute of limitations is the forum state's statute of
18 limitations for personal injury actions.  Action Apartment Ass'n, Inc.  v. Santa Monica Rent
19 Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007).  The California statute of limitations for
20 personal injury actions arising prior to January 1, 2003 is one year.  Id.; Cal. Civ. P. Code
21 § 340.3.  The tolling period for persons incarcerated at the time the action accrued is two
22 years. Cal. Civ. P. Code § 352.1(a).

23 Accordingly, Plaintiff was required to file any action relating to claims that accrued
24 prior to 2003 within three years from the date of accrual.  "[A] claim generally accrues when
25 the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" See
26 Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) (quoting Elliott v. City
27 of Union City, 25 F.3d 800, 802 (9th Cir. 1994))); see also Action Apartment Ass'n, Inc., 509
28 F.3d at 1026-27.

Plaintiff claims that he was beaten by the corrections officers on October 7, 1997, and subsequently denied medical treatment. Plaintiff was aware of his injuries at the time they occurred and, therefore, his cause of action accrued at the time he sustained the injuries. The latest of Plaintiff's medical claims accrued in March 1998. Therefore, the latest that Plaintiff could have filed timely claims relating to these incidents was March 2001, more than eight years before the filing of this action. Plaintiff's claims are therefore barred by the statute of limitations and the Court will dismiss the Complaint and this action.

**IT IS ORDERED**:

(1) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 13th day of October, 2009.

_____
Susan R. Bolton
United States District Judge